St. Louis Southwestern Railway Company *v.* Stewart.

Opinion delivered November . 28, 1921.

1. Public service commissions—review of orders.—Where the Corporation Commission, in the exercise of its discretion, determined that a new railroad station should be built at a certain town, and on appeal to the circuit court the finding of the Commission was approved, the Supreme Court on appeal is not authorized to substitute its judgment for that of the Commission, nor to set aside the Commission's order unless it appears that it would be unwise or unjust to require the railroad company to comply therewith.

2. Public service commissions—record on review.— Although Crawford & Moses' Dig. § 1639, authorized the Corporation Commission, upon the filing of a petition for a new railroad station, "to make a personal inspection of the conditions complained of", this does not mean that evidence was to be heard which could not be put into the record, and on a review of the Commission's order by the courts the case is heard on the record made.

3. Public service commissions—record on review.—Although the Corporation Commission, in its report upon its action in ordering a new railway station to be built at a certain town, recited that the local conditions were inspected by the Commission and its engineer, the railroad company cannot on appeal complain because the report of the engineer, if any was made, was not brought into the record, since it could have been brought into the record in the trial in the circuit court.

4.  PUBLIC SERVICE COMMISSIONS—AUTHORITY TO PRESCRIBE KIND OF
    STATION.—The power in the Corporation Commission to require
    the building of a new railroad station implies the authority
    to prescribe the kind and capacity of the building and the ma-
    terial, subject to review when arbitrarily exercised.

Appeal from Pulaski Circuit Court, Second Division;
*Guy Fulk,* Judge; affirmed.

*Daniel Upthegrove, J. R. Turney,* and *Gaughan &
Sifford,* for appellant.

1.  On this appeal the duty of this court is to try
the case *de novo,* in accordance with the procedure de-
fined by Act No. 124, approved February 15, 1921, and
it should not govern itself by the rule heretofore estab-
lished not to pass upon the weight of the evidence on
appeals from findings of facts by trial courts or verdicts
of juries.

2.  The court can consider no evidence other than
that shown in the record,—it cannot consider the personal
impressions of the members of the commission, nor the
information given the commission by the engineer not
incorporated in the record.  227 U. S. 88.

3.  The commission was not authorized to prescribe
the materials out of which the depot building should be
constructed.  The police power of the State can be exer-
cised no further than to require things *necessary* for the
public health, moral safety and convenience.  55 Ark. 12;
172 U. S. 269; 97 Ark. 475; 113 *Id.* 384, 396; 200 U. S. 562.

The Railroad Commission, the creature, cannot rise
above its creator, the Legislature, and the latter in its
latest expression on the subject has required only that
"every corporation engaged in public service business in
this State shall establish and maintain *adequate* and *suit-
able* facilities" etc.  This has no reference to the appear-
ance nor to the materials out of which the buildings—
facilities—shall be constructed.

*R. L. Montgomery* and *Hamiter & Dickson,* for ap-
pellees.

1. This proceeding was instituted and the appeal to the circuit court was filed before the enactment of Act 124, Acts 1921, and the procedure contended for by appellant does not apply; moreover, section 22 of that act provides that cases previously appealed to the circuit court shall be heard and determined in accordance with existing law.

2. The Commission had express authority under § 11, Act 571, Acts 1919, to make a personal inspection either by its members, inspectors or employees.

3. The reasonableness and necessity for the order requiring better station facilities is established by the proof, and in requiring the erection of a new station it was neither arbitrary nor unreasonable, but comes within principles recognized by this court. 85 Ark. 12; 99 *Id.* 1; 113 *Id.* 384, 385; 25 *Id.* 298; 97 *Id.* 473; 206 U. S. 7.

4. It is within the power of the Commission to prescribe the character of the building and the materials out of which it shall be constructed. Act 338, § 2, Acts 1907; Act 124, § 6, Acts 1921; Act 571, § 6, Acts 1919.

McCULLOCH, C. J. This appeal brings up for review proceedings before the Corporation Commission, initiated against appellant by citizens of the town of Lewisville, to require the company to construct a new passenger station at that place. Notice was given as required by statute, there was a hearing upon the testimony of witnesses and an order was made by the Commission requiring the construction of a new building as prayed for in the petition. An appeal to the Pulaski Circuit Court was prayed and granted, and a few days thereafter the statute now in force was enacted abolishing the Corporation Commission and transferring its functions, so far as related to control over public utilities, to the Railroad Commission.

The old statute (Act 571, Acts of 1919) provided for an appeal from the decision of the Corporation Commission to the circuit court of Pulaski County, where the matter should be heard upon the record made

before the Commission, and also provided for an appeal to the Supreme Court from the judgment of the circuit court, and that "in such case appeals to the Supreme Court shall be governed by the procedure, and reviewed in the manner which is now or may hereafter be prescribed by law governing appeals from chancery courts." Secs. 27-28, Act 571, Session of 1919. The statute abolishing the Corporation Commission (Act 124, Session of 1921) provided for appeals to the circuit court of Pulaski County, thence to the Supreme Court, and that on appeal to the Supreme Court that court "shall be governed by the procedure, and reviewed in the manner applicable to other appeals from such circuit court, except that any finding of fact by the circuit court shall not be binding on the Supreme Court, but the Supreme Court may and shall review all the evidence and make such findings of fact and law as it may deem just, proper and equitable." Sec. 21, Act 124.

Sec. 22 of the last statute provides that "all cases which have heretofore been appealed to the circuit courts of this State from any decision or order of the Corporation Commission and which appeals are now pending shall be heard and determined by said courts on the merits as in other cases by law made and provided."

The first controversy here between counsel relates to the question of procedure, whether this court shall, hear the cause "in the manner which is now  *  *  * prescribed by law governing appeals from chancery courts," as provided by the act of 1919, *supra;* or whether it shall disregard the findings of fact by the circuit court and "review all the evidence and make such findings of fact and law as it may deem just, proper and equitable," as provided in the act of 1921, *supra,* for appeals from the Railroad Commission as now constituted; or whether the court shall hear the case and review merely for error, as on other appeals from judgments of circuit courts. The contention of counsel for appellee is that section 22 of the act of

1921, *supra,* is controlling, and that this appeal affords merely review for error as in other law cases. On the other hand, counsel for appellant contend that the procedure on the present appeal is controlled by the provision of the old statute declaring that the Supreme Court shall hear the cause according to the practice governing appeals in chancery courts, or by section 21 of the act of 1921, *supra.*

There is another question which might raise itself, and that is, whether or not the Legislature has the power to change the practice in this court on appeals in law cases from a review for error to a trial *de novo* as in chancery cases. We do not deem it necessary to decide these questions, for, if we adopt the practice most favorable to the appellant and review the evidence *de novo,* as in chancery cases, we do not find that the conclusions of the Corporation Commission and of the circuit court on appeal are contrary to the preponderance of the evidence.

It appears from the evidence that Lewisville is a growing town, with a population of about 2000 inhabitants, and is situated at the junction of appellant's line of railroad and a branch line known as the ''Shreveport branch;'' that the present station building, which is a combination one for both freight and passengers, is a frame building about 30 years old; that it is not of sufficient capacity for the convenience of travel, that it is unsightly and insanitary, and that it is inconveniently located in that it is too close to the main track to afford platform space between the station building and the railroad. The contention of appellant was, and is, that a building constructed according to the orders of the Corporation Commission would cost about $25,000, and that the present building could be repaired and additions made thereto so as to furnish adequate accommodations at an expense not exceeding $6,000. It was shown by the testimony that the building was insanitary for the reason that water stood under it for seven or eight months in the year, furnishing a breeding

place for mosquitoes, but testimony was adduced by appellant tending to show that, according to reports of its engineers, this condition could and would be rectified.

We do not think that the testimony in the case presents such a state of facts as would justify this court in disregarding the finding of the Corporation Commission and the circuit court. If we indulge ourselves the utmost latitude in reviewing the testimony, it cannot be said that the preponderance is against the findings of the Commission and the circiut court. When it comes to the exercise of mere discretion, we do not feel authorized to substitute our judgment for that of the Corporation Commission or the circuit court unless we can discover that, according to the preponderance of the evidence, it is unwise or unjust to require the carrier to comply with the order with respect to the construction of a new building. The statutes of the State lodged that power, primarily, in the Corporation Commission, and have since transferred it to the Railroad Commission, and it was not the purpose, we conceive, of the framers of the statute in allowing an appeal to substitute the judgment of the courts, unless it appears that an error was made by the Commission in its conclusions.

An attack was made on the validity of the order on the ground that the report of the Commission recites that the conclusions were reached after a personal inspection of the locality by the members of the Corporation Commission and also upon a report of the Commission's engineer as well as upon the evidence in the case. The contention is that, the statute having given a hearing in the courts concerning the propriety of the Commission's order, and that the hearing in the courts must be on the record made before the Commission, this provision would be nullified if the Commission be permitted to gather evidence from personal investigation or inspection. The claim is that this renders the order of the Commission void because it acquired information which could not be put into the record, and which is not avail-

able to the courts on review. Counsel rely upon the decision of the Supreme Court of the United States in the case of *Interstate Commerce Commission* v. *L. & N. Ry. Co.*, 227 U. S. 88, where it was held that the provision in the statute creating the Interstate Commerce Commission (par. 12) which authorizes the Commission to gather information on its own initiative, was only available for use in instituting prosecutions for violations of law and not for a hearing on the fixing of rates.

The statute (Crawford & Moses' Digest, § 1639) authorizes the Corporation Commission, after filing of such petition, "to proceed to make a personal inspection of the conditions complained of and investigate the objects sought to be accomplished," but this does not mean that evidence is to be heard which cannot be put into the record, for the provision of the statute in regard to appeals contemplates that the court shall hear the cause upon the record made before the Commission. It is true that the statute provides for an appeal to the circuit court on the record made before the Commission, and this, of course, negatives the idea that the Commission may consider matters within their personal knowledge which cannot be put into the record, but aside from any express statutory authority it was within the power of the Commission to make a personal inspection, not to gather evidence, but to understand that which is introduced in such form as can be put into the record for consideration on appeal. That is all that it is shown was done in this case. It does not appear from the report of the Commission that it gathered any evidence not in the record, but merely that there was a personal inspection. Notwithstanding such inspection by the members of the Commission, the case is heard in review by the courts on the record made, and not by any outside matters which the Commission may have considered, and if upon that record it appears that the order was erroneous, it becomes the duty of the court to set it aside. The fact that the Commissioners have made a personal inspection may put them in a better attitude

than the courts on review to comprehend the evidence adduced before them, and this affords a reason why the order should not be overturned unless it affirmatively appears to be erroneous, yet the fact that there was an inspection does not alter the rule that in a review- by the courts the case must be heard upon the record as made before the Commission.

It is also recited in the report of the Commission that there was an inspection by the engineer of the Commission. It is contended that this invalidates the order of the Commission because the report of the engineer is not in the record. The record does not show that the engineer made a report in writing to the Commission. The written report or opinion of the Commission merely recites that "the conditions at the town of Lewisville were inspected by the engineer of the Commission and by the members of the Commission." The Commission had the right to consider the report of its engineer, if there was such report, as it would have been advisory in its character and not evidentiary, and the report should have been put into the record. Appellant had the right to insist that it go into the record, but, having failed to have it done, is not in an attitude to complain. Furthermore, appellant has had the benefit of a trial *de novo* in the circuit court on the record, which included all of the testimony which it saw fit to introduce before the Commission. It is not shown that anything was omitted which is material to appellant's case, and it has been afforded full protection of the law in all of its rights by a trial in the circuit court where the cause was heard, not for the purpose of reviewing for errors of the Commission, but to determine the merits of the controversy. The fullest requirements of the law are thus satisfied. *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287.

Lastly, it is contended that it is beyond the power of the Commission to prescribe the character of the building and the material of which it should be constructed. The power to require the construction of a new station building carries with it, by implication, the

power to prescribe the kind and capacity of building and the material. Of course this power cannot be captiously or arbitrarily exercised. We do not find that the order of the Commission is open to that charge. Appellant merely denies the authority of the Commission to give any directions with respect to the kind of material, and in this we think that counsel is mistaken.

We discover no ground for setting aside the order of the Commission, and the judgment of the circuit court will therefore be affirmed.

HART and SMITH, JJ., dissent.