VAN BUREN WATER COMPANY *v.* VAN BUREN.

Opinion delivered February 20, 1922.

1. PUBLIC SERVICE COMMISSION—APPEALS.—Under Acts 1921, p. 205, providing for taking appeals from orders of the defunct Corporation Commission, and for preservation of appeals therefrom already pending, where an appeal had been allowed by the Corporation Commission before the act was passed, but their appeal had not been perfected by filing a transcript of the proceedings in the circuit court, the city had a right to perfect the appeal without having another formal order allowing it entered by the Railroad Commission as successor of the Corporation Commission.

2. PUBLIC SERVICE COMMISSION—DISMISSAL OF APPEAL DISCRETIONARY.—Under Acts 1921, p. 205, § 22, providing for appeals from the Railroad Commission, *held* the circuit court's refusal to dismiss an appeal on the ground that the secretary of the Railroad Commission did not file the transcript within 30 days after the passage of such statute was not an abuse of discretion, in the absence of a showing that the appellant was at fault in suffering the delay.

3. PUBLIC SERVICE COMMISSION—IRREGULARITIES IN PROCEEDINGS.—The fact that the testimony in a hearing before the Corporation Commission was adduced before the appointment of two members of the Commission at the time the final order was made was at most a mere irregularity which did not affect the validity of the proceedings.

4. WATERS AND WATERCOURSES—RATES.—Where the old rates of a water company were unremunerative upon any reasonable valuation of the property, the fact that the rates proposed by the company were too high did not justify the circuit court in compel-

ling the company to restore the old rates; it is the duty of the court to fix such rates according to the testimony in the record as would be reasonable and would afford a just return upon the investment.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*W. L. Curtis,* for appellant.

All questions as to the constitutionality of act 571 of the Acts of 1919, conferring jurisdiction upon the Commission to authorize the setting aside of franchise rates entered into between municipalities and public utilities have been completely answered in the following cases: 145 Ark. 205; 80 Ark. 108; 99 Ark. 178; 3 A. L. R. 685; 3 A. L. R. 715; 225 Fed. 295.

The motion to dismiss the appeal of defendant should have been granted. Act 571 Acts 1919, sec. 27; act 105 Acts 1921, secs. 20, 21 and 22.

The rates promulgated by the water company were fair and reasonable and not sufficient to produce an income in excess of a reasonable amount upon the valuation of the plant. 12 A. L. R. 390; 12 A. L. R. 737; 11 A. L. R. 454; 10 A. L. R. 1425; 65 U. S. (I Ed.) 514; 65 U. S. (L. Ed.) 518; 186 Pac. 730; 250 Fed. 304; Collier on Public Service Companies, chap. 24, sec. 121.

*E. L. Matlock,* for appellee.

McCULLOCH, C. J.   Appellant is a domestic corporation owning the waterworks system in the city of Van Buren and operating the same under a franchise from the city council.

On May 26, 1920, appellant filed with the Arkansas Corporation Commission notice of its intention to cancel the rates then in force and to put in force new rates and charges for the various services rendered by it.   The Commission made an order suspending the proposed increased rates during the pendency of the hearing of protests, and the city appeared by its attorney and protested against the new schedule.   The matter was heard

by the Commission, and an order was entered on February 12, 1921, canceling the suspension order and approving the proposed schedule of increased rates. The city of Van Buren prayed an appeal from the order of the Corporation Commission to the circuit court of Crawford County, as then provided by statute. Crawford & Moses' Digest, § 1698.

Act No. 124 of the General Assembly of 1921 (Acts of Arkansas, 1921, p. 177) abolishing the Corporation Commission and transferring certain of its powers and duties to the Railroad Commission, was approved by the Governor and went into effect on February 15, 1921, three days after the entry of the order by the Corporation Commission in this case. A transcript of the proceedings was thereafter prepared and filed by the secretary of the Railroad Commission, in the office of the clerk of the Crawford Circuit Court, and the cause proceeded to trial in that court on the record. Appellant moved to dismiss the city's appeal to the circuit court, but the motion was overruled.

On the trial of the cause the circuit court made a finding that the increased rates proposed by appellant were not justified by the facts, and the court entered its judgment canceling said schedule and directing that the original rates in force prior to the filing of the new schedule be reinstated and kept in force. The judgment also contained an injunction forever restraining appellant "from charging and collecting from its customers the said increased water rates set forth and allowed by the Corporation Commission and put into force and effect by said water company." An appeal has been prosecuted to this court from the judgment of the circuit court.

The first point urged here is that the appeal was not properly taken and prosecuted within the time prescribed by the statute. Act No. 124, *supra,* contains a section providing for the continuation of proceedings pending before the Arkansas Corporation Commission, and also providing for appeals from orders which had been

rendered prior to the time that the new statute went into effect abolishing the Corporation Commission. That section (§ 22), reads as follows:

"That all investigations, proceedings or hearings that may be pending before the Arkansas Corporation Commission at the time this act becomes effective and the hearings of which are embraced within the powers herein conferred on the Arkansas Railroad Commission shall be transferred to the Arkansas Railroad Commission for such adjudication as may be made by it under the terms of this act; provided, however, in all cases where the Corporation Commission has made a final decision or order, any party to the said proceedings shall have the right to have the matter heard on appeal by the circuit court in the county of the municipality or locality affected by the matter under investigation, which appeal shall be tried by *de novo* proceedings by instituting said proceeding within thirty days after the passage of this act, and the secretary of the Arkansas Corporation Commission is hereby required to furnish a full, true and complete transcript of the proceedings before the Corporation Commission, the cost of which shall be paid by the party desiring it, and all cases which have heretofore been appealed to the circuit courts of this State from any decision or order of the Corporation Commission and which appeals are now pending, shall be heard and determined by said courts on the merits as in other cases by law made and provided." (Act No. 124, Acts of Ark. 1921, p. 205).

It will be seen from an examination of the language of the section just quoted that there is a provision for taking appeal from orders of the Corporation Commission within thirty days after the enactment of the new statute, and it provides for the preservation of appeals which have already been taken before the passage of the new statute, and which were pending at that time. Counsel debate the question whether the appeal in this case was "pending" within the meaning of the statute, the

appeal having been allowed by the Corporation Commission but not having been docketed in the circuit court prior to the enactment of the new statute.

It is unnecessary to determine which clause of the statute the appeal falls under, for, if the appeal was then pending within the meaning of the statute, the right to continue the prosecution of it was preserved; and, if it was not a pending appeal, then the city had the right to take an appeal within thirty days, and, having already prayed for and obtained from the Corporation Commission an order allowing the appeal, it was unnecessary to have another formal order entered by the Railroad Commission.

The transcript was not filed within the forty days prescribed by the old statute nor within thirty days after the passage of the new statute. The statute imposed upon the secretary of the Commission the duty of filing with the clerk of the circuit court a transcript of the proceedings before the Commission. This duty was imposed by the old statute, and this duty fell to the secretary of the Railroad Commission under the new statute. It does not appear that the city was at fault in suffering the delay, and there was no abuse of the court's discretion in refusing to dismiss the appeal.

It is contended by counsel for the city that the order of the Corporation Commission was void, and that the judgment of the circuit court should be affirmed for the reason that the record shows that the testimony in the case was adduced prior to the appointment of two new commissioners who were members of the Commission at the time the final order was made. This, at most, was a mere irregularity which did not affect the validity of the proceedings. The circuit court, under the statute, hears causes of this kind *de novo,* and not merely for the purpose of reviewing the proceedings before the Commission for error. *St. L. S. W. R. Co.* v. *Stewart,* 150 Ark. 586. The contention, therefore, of appellee that the order is void for the reason stated above is untenable.

It appears from the record that three witnesses were introduced and testified in considerable detail upon the merits of the questions involved. One of them was Mr. Shockley, who was the manager of appellant's plant. Another was Mr. Helmreich, engineer of the Commission, who not only testified orally but filed a written report of his findings concerning the physical condition and valuation of the water plant and other matters connected therewith that might affect the questions at issue in the proceedings. The other witness was Mr. Kiersted, an engineer employed to make estimates in regard to the condition of the plant, and who testified in detail concerning matters affecting the propriety of the new schedule of rates. The differences between the three witnesses related to matters of physical valuation of the plant. Witness Shockley placed the valuation, for rate making purposes, at $153,554.68; Helmreich placed the valuation at $129,813,28, and Kiersted placed the valuation at $99,-519, including the value of real estate, which he appraised separately. The Corporation Commission seems to have accepted the valuation fixed by witness Helmreich, and to have made a finding of facts in detail to the effect that the schedule of increased rates based on that valuation was not unreasonable. The circuit court evidently rejected that testimony, and we must assume that it accepted the lower estimate of witness Kiersted. We cannot say that this was unwarranted, and that the circuit court erred in finding that the new schedule of rates was unreasonable and excessive. The court erred, however, in putting in force the old rates, which, according to the undisputed evidence, were unremunerative upon any reasonable valuation of the property. There is testimony that is undisputed that the company had never paid a dividend, and it is not shown that this resulted from mismanagement or any untoward circumstance. The only inference to be drawn from the testimony is that under the old schedule of rates the company cannot earn compensation for its stockholders upon their invest-

ment. The fact that the new rates were unreasonable did not justify the court's order in compelling the company to restore the old rates, which were confiscatory. It was within the power and the duty of the circuit court to fix such a rate according to the testimony in the record as was reasonable and which would afford a just return upon the investment. *Clear Creek Oil & Gas Co.* v. *Fort Smith Spelter Co.,* 148 Ark. 260.

The judgment of the circuit court is therefore reversed, and the cause remanded for further proceedings.