WRIGHT v. THE STATE.

1. CRIMINAL PLEADING: *Objections to grand jury; how raised.*
   Objections to the organization of the grand jury must be made by a motion to set aside the indictment. A plea of "not guilty" waives the illegality of the grand jury.

2. CRIMINAL PRACTICE: *Serving defendant with copy of the indictment: Presumption.*
   In the absence of any showing of a demand of a copy of the indictment, and of any affirmative showing that a copy was not furnished to defendant before the trial, it will be presumed that it was done, or that he waived it.

3. CRIMINAL LAW: *Murder; aiding and abetting.*
   One who is present and participating, aiding and abetting in a murder is as guilty as if his own hand inflicted the fatal blow.

Wright v. The State.

APPEAL from *Howard* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*Newton, Jones, Williams, Conway, etc.*, for appellant.

*Moore, Attorney General, contra.*

SMITH, J. Wright was indicted, jointly with others, for the murder of Thomas Wyatt. Upon a separate trial he was convicted of murder in the first degree. Motions in arrest of judgment and for a new trial having been denied, he was condemned to be hanged, but prayed an appeal to this court, which was allowed because the names of the other defendants were not set out in the indictment copied into the transcript. This defect has since been cured upon the award of a writ of *certiorari*.

Counsel have discussed an alleged irregularity in the formation of the grand jury and an alleged failure to furnish the defendant with a copy of the indictment forty-eight hours before his arraignment. But neither of these questions legitimately arises upon this record. They are both raised here for the first time. When he was arraigned he pleaded not guilty. If he had any objection to the organization of the grand jury, that was the time to make it. And the mode of making it was by motion to set aside the indictment. By pleading to the indictment he waived the illegality, if there was any. *Gantt's Digest, sec. 1829; Dixon v. State, 29 Ark., 165.*

1. Objections to grand jury, how made.

The record does not show whether Wright was served with a copy of the indictment before he was put upon his trial or not. But he was represented by counsel who were aware of his legal rights. And in the absence of any demand for a copy, and in the absence of any affirmative showing that he was not so served, it will be presumed it was done, or else that he waived it. *Dawson v. State, 29 Ark., 116.*

2. Serving defendant with copy of indictment: Presumption.

No objection is perceived to the form of the indictment. It charged that the defendants "willfully, feloniously, of their malice aforethought and with premeditation, did kill and murder" Wyatt by shooting him with guns loaded with gunpowder and leaden bullets.

The motion for a new trial questioned the sufficiency of the evidence to support the verdict.

3. MURDER: Aiding and abetting.

Wyatt was killed by a mob of colored men. From indications in the record it is possible that a feud existed between him and them on account of some previous quarrel in which he had been involved with one or more of their race. On the day that the killing occurred he was peacefully plowing in his field. He lived near the line between the counties of Howard and Hempstead. The mob came from the direction of Hempstead. They were all armed, fifty or seventy in number, and some or all of them mounted. The defendant was recognized in the crowd by several witnesses. He was armed with a double-barrel shot-gun and a six-shooter. Threats were openly made against Wyatt, and indeed they announced that they were after him. The defendant was asked if they had any warrant for him, and he said they did not need one. They first went to Wyatt's' house; but not finding him at home, went on to the field. Wyatt was informed that they were at hand and attempted to escape, but he was surrounded and hunted down like a rabbit. His friend who conveyed the intelligence that the negroes were coming, gave him a pistol with which to defend himself. And with this Wyatt, when he was brought to bay, appears to have killed one of the mob. But he was overpowered, his body was riddled with shot and his skull broken. A few hours afterwards Wright, still with a gun in his lap, stated that they had shot him all to pieces, and that he himself had fired at Wyatt at close range.

This is murder pure and simple. It is none the less

murder that it was done by a mob of ignorant negroes. It may not have been the defendant's hand that fired the fatal shot. But he was present and participating, aiding and abetting. And he is as guilty as if he was the one who did kill him.

There are other assignments in the motion for a new trial; but they have not been pressed upon us, and there is no merit in any of them.

Judgment affirmed.