CONRAND *v.* STATE.

Opinion delivered October 22, 1898.

1. INDICTMENT—ALLEGATION AS TO TIME.—An indictment as for slander is not insufficient because it charges that defendant on a future date "did use, utter and publish" the words complained of, the allegation of a future and therefore impossible date being a clerical error. (Page 561.)

2. SLANDER—ALLEGATION OF CONSENT TO PROSECUTION.—The allegation in an indictment for slander that the prosecution was with the consent of the person slandered is not part of the statement of the offense, nor was it necessary for the prosecution to prove it to convict the defendant. (Page 563.)

3. VERDICT—SUFFICIENCY.—A verdict in a prosecution for slander is sufficient which is to the effect merely that the jury find the defendant guilty and leave his punishment with the court. (Page 563.)

Appeal from Faulkner Circuit Court.

ELDON A. BOLTON, Special Judge.

*John G. B. Simms*, for appellant.

The indictment is fatally defective, because it charges the commission of the offense at a future date. 10 Am. & Eng

Enc. Law, 584, note 3; *ib.* 589, par. 2; Sand. & H. Dig., § 2075. The court erred in refusing the first, fourth and seventh instructions asked by appellant. The verdict of the jury violates the tenth instruction given by the court, on appellant's behalf, wherein the court told the jury that the state was required to allege and prove that the offense was committed within twelve months *before* the finding of the indictment.

*E. B. Kinsworthy*, for appellee.

The fact that the indictment states the charge as in the past tense shows that the offense is meant to be charged as already committed. The error is not prejudicial, hence not material. Sand. & H. Dig., § 2076. No date need be specified, where time is not an ingredient of the offense. Sand. & H Dig., § 2075; 79 Ky. 451; 89 Am. Dec. 605; 5 Baxter, 681; 25 Ga. 515.

BATTLE, J. On the 14th day of July, 1896, an indictment was filed in the Faulkner circuit court, in which Charles Conrand was accused of slander. The commission of the offense was charged, in part, as follows: "The grand jury of Faulkner county, in the name and by the authority of the State of Arkansas, accuse Charles Conrand of the crime of slander *committed* as follows, to-wit: The said Charles Conrand, in the county and State aforesaid, on the 15th day of May, A. D. 1899, then and there maliciously, wilfully, feloniously and falsely *did* use, utter and publish (in the presence of James Campbell, Rebecca Campbell, Elias Stone, Mary Ann Stone and others) of and concerning Barbara A. Rosamond," etc.; and it was alleged in the indictment as follows: "This prosecution is with knowledge and consent of the said Barbara A. Rosamond." The indictment was indorsed as follows: "This prosecution with consent of Barbara A. Rosamond. A true bill. [Signed] A. J. Witt, foreman."

The defendant moved to set aside the indictment because it was alleged therein that the offense charged was committed "upon a future and impossible date;" and the court overruled the motion. He thereupon pleaded not guilty, and was tried by a jury. He introduced witnesses and, testified, and thereby clearly indicated that he was not misled by any allegation in the

indictment as to the time when the offense of which he was accused was committed.

The court refused to instruct the jury, at the request of the defendant, as follows: "The state must prove every material allegation in the indictment; and if it has failed to prove that this indictment was found and prosecuted by the instance or consent of Mrs. Barbara A. Rosamond, they will acquit." Instructions were given, and others were asked and refused, but it is not necessary to notice any of them in this opinion except the one we have copied.

The defendant was convicted, the jury having returned a verdict in the following form: "We, the jury, find the defendant guilty, and leave punishment with court." (Signed) "T. L. Daniel, foreman." The court fixed his punishment at imprisonment and hard labor in the penitentiary for the period of three years, and rendered judgment against him accordingly.

The defendant insists that this judgment should be reversed for the following reasons: (1) Because the court erred in overruling his motion to set aside the indictment. (2) Because the court erred in refusing to give the instruction copied in this opinion. (3) Because the verdict was insufficient.

(1) The allegation as to the day on which the offense was committed is immaterial, and did not affect the sufficiency of the indictment. The statutes provide that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." That it is sufficient if it can be understood therefrom: "First, that it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated; second, that the offense was committed within the jurisdiction of the court, *and at some time prior to the time of finding the indictment;* third, that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the rights of the case." And further provide that "no indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice

of the substantial rights of the defendant on the merits."
Sand. & H. Dig., §§ 2090, 2075, 2076. According to these
provisions of the statutes, an allegation in the indictment
as to the day upon which the offense charged was com-
mitted cannot affect it, if it can be understood therefrom
by a person of common understanding that the grand jury
intended to charge that the offense was committed "at some
time prior to the time of finding the indictment." The only
necessity for such allegation is to show that the offense was
committed before the indictment, unless time is a material in-
gredient of the offense. Except as stated, it is not necessary
to a conviction that the state prove that the offense was com-
mitted on the day alleged; but it is sufficient, as to time, to
show that it was committed on any day before the indictment·
was found, and within the time prescribed by the statutes of lim-
itations. Hence section 2081 of the digest declares: "The
statement in the indictment as to the time at which the offense
was committed is not material, further than as a statement that
it was committed before the time of the finding of the indict-
ment, except when the time is a material ingredient in the of-
fense." This section does not mean to say that a statement as
to the day on which the offense was committed shall be neces-
sary to constitute a good and sufficient indictment, but, when
made, what purpose it shall serve. An interpretation of it to
the contrary effect would make it conflict with the section of
the digest preceding it which declares that an indictment shall
be sufficient in that respect, it it can be understood therefrom
that the offense was committed before it was found.

Under a statute of which section 2081 is an exact copy,
the court of appeals of Kentucky held that an indictment for
breaking into a railroad depot and stealing therefrom, which
was returned on the 28th of December, 1891, and fixed the
date of the commission of the offense on the 29th of Decem-
ber, 1891, but alleged that the defendant "*did* break' open and
enter the depot building," and "*did* steal and carry away," etc.,
contained a sufficient allegation that the offense was committed
before the indictment was found, and sustained the indictment.
*Williams* v. *Com.*, 18 S. W. Rep. 1024; *Com.* v. *Miller*, 79 Ky.
451; *Vowells* v. *Com.*, 84 Ky. 52.

The question decided by the court of appeals of Kentucky is presented in this case. In the indictment before us the grand jury of Faulkner county accused the defendant of the crime of slander, "committed as follows," and alleged that the defendant, "on the 15th day of May, 1898, then and ·there maliciously, wilfully, feloniously and falsely *did* use, utter and publish," etc. They alleged that the offense was committed in the past, using the words "committed" and "did" for that purpose, on a day sometime in the future. No man of common understanding could infer from the indictment that the grand jury intended to accuse the defendant of having committed a crime before it was committed. To accuse one of a crime is to charge that it was committed prior to the accusation. The allegation as to the date of the commission of the offense was a clerical error, apparent on the face of the indictment, and was not calculated to, and did not, mislead the defendant; and did not affect the validity or sufficiency of the indictment or ·the judgment against him.

(2)    The statutes provide that no indictment for slander shall be found, "except at the instance or by consent of the person slandered or his legal representative" (Sand. & H. Dig., § 1730). The grand jury alleged in the indictment in this case that it was found with the consent of the person slandered. But this allegation was no part of the statements which were made to show the commission of the offense, and it was not necessary ;to prove it to convict the defendant. In pleading not guilty the defendant did not put it in issue. If it was untrue, the defendant could have taken advantage of it by a motion to set aside the indictment, as it affected the authority of the grand jury to find the indictment, and nothing more. Having failed to do so, he waived any advantage he could have taken of it, and it was not necessary for the state to prove that it was true; and the court properly refused to instruct the jury that it was their duty to acquit in the event they found that it was not proved. Sand. & H. Dig., § 2126; *Wright* v. *State*, 42 Ark. 94; *Miller* v. *State*, 40 Ark. 488.

(3)    The verdict, although not as full as it ˙might have been, was sufficient. The offense charged did not consist of different degrees, and it was therefore, not necessary for them

to say more than they found the defendant guilty, and assess the punishment. As the statute authorized the court to assess the punishment, when they failed to do so, this defect was not fatal, and did not affect the judgment of the court.

Judgment affirmed.

RIDDICK, J. (dissenting). I regret that I am not able to agree with so much of the opinion of the court as holds that it is not necessary under our statute for the indictment to allege that the offense charged was committed at a time prior to the finding of the indictment. Before the adoption of the criminal code, it was necessary not only to allege that the offense was committed at a time prior to the finding of the indictment, but also that it was committed at a time within the period of the statute of limitations. *Scoggins* v. *State*, 32 Ark. 215. The code changed this rule by providing that the indictment was sufficient, so far as the allegation of time was concerned, if it could be understood therefrom that the offense was committed "prior to the finding of the indictment." Sand. & H. Dig., § 2075.

The rule is that the charge in the indictment cannot be helped out by argument or inference (Clark, Crim. Pro. 162); and I understand, from the provisions of the code above referred to, that it must appear from the allegation as to time in the indictment that the offense was committed before the finding of the indictment. If the indictment allege the offense to have been committed on a future day, it is, I think, still bad under our statute. *State* v. *Smith* (Iowa), 55 N. W. 198; Clark, Crim. Pro. 242. This is made plain by a subsequent section of the statute which provides that "the statement in the indictment as to the time at which the offense was committed is not material, further than as a statement that it was committed before the time of finding the indictment, except when the time is a material ingredient in the offense." Sand. & H. Dig., § 2081.

It seems to me that this section expressly makes it material to allege that the offense was committed at a time prior to the finding of the indictment. Had the legislature intended that a mere inference, drawn from the use of the word "*did*"

or from other language of the indictment, should be allowed to overcome the direct allegation as to time, it seems reasonable to believe that it would have expressed its intention by simply saying that such allegation as to the time the offense was committed was immaterial, as the court in effect held in this case.

As grand juries do not indict for crimes to be committed in the future, it can be inferred from any indictment that it refers to a past offense, and the effect of the decision of the court in this case is that it is not necessary to allege time in an indictment, except when it is a material part of the offense. "To accuse one of a crime," says the court, "is to charge that it was committed prior to the accusation." But the legislature did not so declare the law, nor did it intend that an inference of that kind should take the place of a direct allegation as to time, much less did it intend that an inference should be allowed to overturn such allegation when made. After enacting that the statement in the indictment as to the time the offense was committed is not material, it does not stop, as the court seems to have done in its construction of the law, but it goes further and makes an exception. Such statement says the statute is not material, *"further than as a statement that it was committed before the time of finding the indictment."* The decision of the court in this case has stricken this exception from the statute.

I may admit that there seems to be little reason why an allegation of time should be required in an indictment, except in cases where time is a material ingredient in the offense. I may admit that the construction given by the court improves the statute, but I can not concur in it, for it seems to do violence to the language of the act. As stated by a learned author, "it is not the province of the courts to supervise legislation, and keep it within the bounds of propriety and common sense." Sutherland, Stat. Const. § 238.

The indictment here alleged that the offense was committed on the 15th day of May, 1899, and I hold that it was insufficient, and therefore dissent from the opinion and judgment of the court.