CAROTHERS *v.* STATE.

Opinion delivered June 10, 1905.

1. INDICTMENT—ALLEGATION OF FUTURE DATE—MISPRISION.—An allegation in an indictment that the offense was committed on a future and impossible date will be treated as a clerical error, and will not vitiate the indictment. (Page 575.)

2. CARNAL ABUSE—DEFENSE.—Under an indictment for carnal abuse the fact that the intercourse was procured in a manner to constitute rape will not be a defense. (Page 575.)

3. ACCUSED AS WITNESS—CROSS-EXAMINATION.—It was no abuse of discretion for the trial court in a prosecution for carnal abuse to permit the accused to be cross-examined as to whether he had not attempted to get the prosecutrix out of the county in order to prevent her from testifying against him. (Page 576.)

Appeal from Conway Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*Cravens & Covington* and *Atkinson & Patterson,* for appellant.

Appellant could not properly be convicted of carnal abuse. 11 Ark. 406; 50 Ark. 330; 54 Ark. 663. The indictment shows that the finding of the indictment was prior to the commission of the offense. Kirby's Dig. § 2228; 65 Ark. 564.

*Robert L. Rogers,* for appellee.

HILL, C. J.  Carothers was indicted under section 2008, Kirby's Digest, for carnal abuse of Lou Eldridge, a female under the age of 16 years, was convicted, and has appealed.

1.  The indictment was returned May 6, 1904, and alleged the offense to have been committed on May 10, 1904.  It was essentially similar to the one in *Conrand* v. *State,* 65 Ark. 559. The court in that case held that an indictment charging the offense in the past tense was not vitiated by the insertion, evidently by clerical error, of a date in the future.

The trial judge, in his charge, told the jury that the indictment charged that the crime was committed in 1904, "and the proof shows that it was in 1903, which makes no difference." The instruction is criticised for assuming that the crime was proved.  While the instruction is not happily worded, yet its meaning, in view of the facts and the connection in which it was used, is clear.  However, there is no exception to this instruction, and no assignment of error based upon it in the motion for new trial, and hence it is not properly for review here.

2.  The appellant complains of the following action of the court: "The defendant thereupon asked the court to instruct the jury that if the act of sexual intercourse was committed forcibly and against the will of the prosecuting witness, then the crime was rape, and not carnal abuse, which was by the court refused."

The prosecutrix testified that the first act of intercourse was without her consent and against her will.  She also testified to four other subsequent acts of intercourse, where the lack of consent is not shown. Discarding the first act, still the evidence sustains the verdict. But the fact that the intercourse was procured in a manner to constitute rape will not be a defense to an indictment under this statute.  The charge of rape does not include this crime, as pointed out in *Warner* v. *State,* 54 Ark. 660, but the fact of sexual intercourse with a female under 16 years of age, with or without her consent, whether obtained by force or from lust, constitutes the crime denounced by this statute.

3. The appellant testified in his own behalf, and denied the crime charged, and explained the occasion of the trip when the first act was charged to have been committed. He testified ı regard to all the material questions before the jury. The State was permitted to cross-examine him as to whether one Riggs, a friend of his, had offered the father of the prosecutrix $1,000 to get the girl out of the county, in order to prevent her testifying against him. He denied all knowledge of any such action. There was evidence on behalf of the State tending to prove that an effort had been made by another party to get the girl away. The first case in which this court passed on the act of 1885 (Kirby's Dig. § 3008) permitting the defendant to testify in criminal cases was *McCoy* v. *State*, 46 Ark. 141, and the following rule announced: "A defendant in a criminal case takes the stand like any other witness. He is subject to the same liabilities on cross-examination as are other witnesses." This rule has been followed and applied in many cases since. It was entirely competent to attempt to prove by this witness—defendant—that he was attempting to silence testimony against him. Some of the questions asked assumed facts not proved, but he denied all knowledge of the matter inquired of, and no prejudicial error is seen in this regard.

The circuit court is necessarily vested with a large discretion in controlling the examination of witnesses, and it is only for an abuse of such discretion prejudicial to the appellant that reversals can be obtained. *Scott* v. *State, ante,* p. 142.

4. On the whole case, the court is unable to find prejudice to the appellant. The prosecutrix was severely attacked, and her moral character questioned, and the probability of her evidence assailed. The jury has, however, believed her and discredited the appellant, and their decision upon all such matters is final.

The judgment is affirmed