GRAYSON *v.* STATE.

Opinion delivered November 29, 1909.

1. CRIMINAL LAW.—INDICTMENT—BLANK DATE.—An indictment for a misdemeanor is not defective for failure to state the date on which the offense was committed before the time of finding the indictment. (Page 415.)

2. SAME—WHEN FORMER CONVICTION NO DEFENSE.—Where defendant was accused of gaming, the indictment containing three counts in which he was charged with betting on a game of craps, with betting on a game of poker, and with betting on a game played with cards to the grand jury unknown, and the State elected to try him for the first offense, proof that he had been previously convicted of the second offense establishes no defense. (Page 416.)

3. FORMER CONVICTION—BURDEN OF PROOF.—The burden is on the defendant in a misdemeanor case to prove that the offense charged in the indictment was the same as that for which he had been previously convicted. (Page 416.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*Huddleston & Taylor,* for appellant.

An indictment which fixes no date for the commission of the alleged crime states no cause of action. A blank statement of the year is fatal, when it is not alleged that the offense was committed within the period of limitation. 14 Ky. L. Rep. 400; 30 Mich. 371. The burden is upon the State to prove that the offense was committed within twelve months next before the finding of the indictment. 57 Ark. 495; 77 Ark. 441; 42 S. W. 915. The former indictment introduced in evidence by the defendant rendered impossible the rebuttal of the presumption of former conviction. 61 App. Div. 312; 15 N. Y. Crim. 450; 70 N. Y. Supp. 307.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

An allegation charging the commission of an offense on a future date will be treated as a clerical error. 65 Ark. 559; 75 Ark. 547. It is no ground of demurrer to charge the commission of an offense on a date beyond the statutory period. 32 Ark. 205; 45 Ark. 333. The burden is on the defendant to prove that the offense charged in the second indictment is the same offense as was charged in the first; and the record of a former conviction is not sufficient proof. 43 Ark. 372; 48 Ark. 34.

McCulloch, C. J. At the February term, 1909, of the circuit court of Greene County, the grand jury returned an indictment against the defendant, Charlie Grayson, containing three counts, each charging him with the offense of gaming, the first count charging that he bet on a game of craps, the second that he bet on a game of poker, and the third that he bet on a certain game of hazard and skill played with cards, the name of which was to the grand jury unknown. The indictment failed to state the date of the alleged offense, but contained the allegation that it was committed "on the —— day of ——, 19—."

The defendant demurred to the indictment on the ground that no date was alleged. The court overruled the demurrer, and the defendant then pleaded former conviction under an indictment returned at the September term, 1908, charging him

with gaming committed by playing a game of poker. This plea was overruled by the court, and on a trial before a jury the State introduced a witness who testified that she saw defendant playing craps for money in June, 1908, with one John Wise. The defendant then introduced in evidence the minutes of the grand jury to prove that John Wise was the only witness before the grand jury when the indictment was returned; and then introduced John Wise as a witness to prove that he never played craps with defendant, and never saw him play craps, but had played poker with him.

The case was then submitted to the jury on both pleas of the defendant—that of former conviction and of not guilty— and a verdict was rendered finding him guilty.

The indictment was not fatally defective because of the omission of the date of the alleged offense. This court has held that an error in an indictment in setting forth a future date as the day of the commission of the offense is not fatal. *Conrand* v. *State,* 65 Ark. 559. The decision was based on the statute which provides that it is sufficient to allege that the offense was committed *"at some time prior to the time of finding the indictment."* The court said: "The allegation as to the day on which the offense was committed is immaterial, and did not affect the sufficiency of the indictment. * * * * * According to these provisions of the statutes, an allegation in the indictment as to the day upon which the offense charged was committed cannot affect it, if it can be understood therefrom by a person of common understanding that the grand jury intended to charge that the offense was committed 'at some time prior to the time of finding the indictment.' The only necessity for such allegation is to show that the offense was committed before the indictment, unless time is a material ingredient of the offense. Except as stated, it is not necessary to a conviction that the State prove that the offense was committed on the day alleged; but it is sufficient, as to time, to show that it was committed on any day before the indictment was found, and within the time prescribed by the statutes of limitations."

This decision was followed in *Carothers* v. *State,* 75 Ark. 574. If the statement of a future date is not fatal, it is difficult to see how the failure to state any date at all can affect the

indictment, for the court, in holding that the statement of a future date would be disregarded, necessarily held that an indictment failing to state any date was sufficient. The court, in disregarding the future date stated, did not undertake to supply a past date, and could not do so.

The language of the indictment in the present case shows with certainty that the offense is charged to have been committed before the time of finding the indictment. The demurrer was therefore properly overruled.

It was manifestly intended, in the three counts of the indictment, to charge a single offense committed in different modes. Kirby's Digest, § 2230; *Blacknall* v. *State,* 90 Ark. 570; *State* v. *Bailey,* 62 Ark. 489. However, no objection has been made, either here or below, that three separate offenses were charged in the indictment. The State elected to put the defendant on trial on the first count charging the offense of gaming by betting on a game of craps, and the State's evidence was directed solely to that issue. It was sufficient to sustain a finding that he was guilty of that offense. The evidence introduced by defendant did not tend to support his plea of former conviction, for it affirmatively and conclusively showed that he had previously been indicted for and convicted of the offense of betting on a game of poker.

The burden of proof was on defendant to prove that the offense charged in the indictment was the same as that for which he had been previously convicted. *Emerson* v. *State,* 43 Ark. 372; *State* v. *Blahut,* 48 Ark. 34.

Finding no error in the proceedings, the judgment is affirmed.