STEPHENS *v.* STATE.

Opinion delivered May 31, 1926.

1. WITNESSES—EXAMINATION AS TO BIAS.—Where defendant on cross-examination of a State's witness sought to show that animosity existed between the witness and defendant, which actuated the witness to appear before the grand jury, it was competent for the State, on redirect examination, to show that his testimony was not voluntary but in response to process of the court.

2. CRIMINAL LAW—ADMISSION OF EVIDENCE—HARMLESS ERROR.—Where, on cross-examination, the State's witness was shown to have been brought back from another State on a charge of wife

desertion, though he had been living with his wife in the other State, testimony of the prosecuting attorney that the charge of wife desertion had been filed at the wife's instance, though improper as introducing a collateral issue, was not prejudicial, where the same fact was elicited on examination of the witness.

3. CRIMINAL LAW—INSTRUCTION AS TO REASONABLE DOUBT.—An instruction defining reasonable doubt as "a doubt that is reasonable and one upon which you would be willing to act in any matter of highest concern to you with which you might be confronted in your everyday walks of life" *held* not erroneous.

4. INTOXICATING LIQUORS—INSTRUCTION AS TO OTHER SALES.—In a prosecution for selling liquor, an instruction that the jury could consider testimony of other sales by defendant only for the purpose of shedding light, if any, on the kind and character of business the defendant might have been engaged in, was not erroneous where the testimony tended to prove that defendant was engaged in selling liquor.

5. CRIMINAL LAW—INVITED ERROR.—Where, in the argument, counsel for the accused criticised the prosecution for bringing a State's witness from another State on a charge of wife desertion when he was living with his wife, remarks of the prosecuting attorney that the witness had run off to keep from testifying against the accused were invited and were not prejudicial.

Appeal from Clay Circuit Court, Western District; *G. E. Keck,* Judge; affirmed.

*W. E. Spence* and *F. G. Taylor,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J. On the tenth day of June, 1925, the grand jury of Clay County returned into court an indictment against Ed Stephens in two counts, the first count charging him with selling liquor and the second with the crime of procuring liquor. He was placed on trial on both counts.

Witness Crow testified on direct examination in substance that he was a traveling salesman in 1923, and lived in Missouri. He traveled in Missouri and Arkansas. Some time in October, 1923, he stopped at the St. James Hotel in Corning, Arkansas. He was in a room with another party, and they sent out and got a quart of whiskey. The appellant brought the whiskey to the room

and received pay for it, and then went away. On cross-examination witness was asked when he first told of the occurrence, and stated that it was last summer before the grand jury—at the last June term of the grand jury. He hadn't thought of it or mentioned it since it occurred until then. There was nothing to draw witness' particular attention to it, and he hadn't discussed it with anybody. Witness was then asked: "Q. In other words, it was nearly two years after it occurred before you ever said anything to anybody about it? A. I don't remember having mentioned that incident to any one. I don't know whether it was two years or not." The witness was further asked if there was not some little bad feeling or something of a misunderstanding between witness and Stephens at the time he appeared before the grand jury, and he replied, "Well, you can't hardly call it bad feeling. I felt like I was mistreated by Mr. Bill Stephens." He was further asked if he had had any misunderstanding or any hard feeling toward any of the Stephens family, and he answered, "Well, really, no hard feelings." He never had any trouble with the appellant.

On redirect examination the witness, over the objection of the appellant, was asked by the prosecuting attorney the following questions: "Mr. Crow, did you go voluntarily before the grand jury?" He answered, "No sir." The witness stated that he was sick one time, and the court didn't understand it, and fined witness for contempt of court because witness wasn't there. He further stated that he was subpoenaed to appear before the grand jury. The appellant moved to strike all the testimony with reference to his appearance before the grand jury. The court overruled the motion and announced in doing so that "the jury will consider that as going to the interest of the witness only." The appellant duly excepted to the ruling of the court.

On further re-cross examination the appellant, among other questions, asked the witness if he was not present

here under bond, if he hadn't been attached, and the witness answered these questions in the affirmative.

Everett Powers, another witness for the State, testified that he now lived in St. Louis but had formerly lived in Corning, Arkansas; that he had lived there practically all of his life and had known the appellant all of that time. He was friendly with the appellant—never had any falling out with him. He bought whiskey from appellant in 1924 in Corning and paid him $1.25 for a pint. This witness, on cross-examination, among other questions, was asked, "When did you come back as a witness here to this court, to attend this term? A. Well—you mean when they brought me back? Q. Did some one bring you back? A. Yes sir." Witness was asked where he was at the time they brought him back, and stated that he lived in St. Louis, and was there with his wife keeping house when the officer came for him and brought him back here and placed him in jail on a charge of wife desertion. On redirect examination the witness was asked if he knew when the charge of wife desertion was lodged against him, and he answered that he did not. He further stated that, when he went to St. Louis about a year before, he left his wife in Corning, and witness didn't know who preferred the charge of wife desertion against him. On re-cross examination he was asked if they served a writ on him for wife desertion, and he stated that was what they brought him back for. He further stated on redirect examination that he waived extradition and volunteered to come back.

The bill of exceptions shows that the appellant objected to all of his testimony, and that the objection was overruled, and the appellant duly excepted to the ruling of the court.

Witness Holloway was called as a witness for the State and testified that he was the deputy prosecuting attorney of the county; that he filed information against Everett Powers charging him with wife abandonment on February 21, 1925, at the instance of his wife, and that Powers was brought back on that charge. The appellant

objected to the testimony and asked that the same be stricken from the record. The court overruled the objection and motion, stating, ''Well, there is some testimony brought in here as to why he came back. It may shed some light on that, and the jury will consider it only for that purpose, if they find it does shed any light on it.'' To this ruling the appellant duly excepted.

Among instructions given by the court were the following: ''No. 7. The phrase 'beyond a reasonable doubt' should be defined to you, and it means that, after a full and fair consideration of all of the facts and circumstances introduced in evidence before you, there naturally arises in your mind, either out of the evidence, by reason thereof or on account of a lack of it, a substantial doubt of the defendant's guilt. That is what is meant by a reasonable doubt. It does not mean an imaginary or far-fetched doubt to be conjured up by you in order to enable some guilty man to escape just punishment, but is intended as a shield to protect the innocent from unjust conviction. It is a doubt that is reasonable and one upon which you would be willing to act in any matter of highest concern to you with which you might be confronted in your every day walks of life.''

The bill of exceptions recites the following: ''Everett Powers had testified that he lived in St. Louis, Missouri, and had regular employment there, and that his wife was living with him and even keeping house, and that they had been living there one year when the deputy sheriff of Clay County came after him on Saturday morning before the present term of court convened on the following Monday. The attorneys for the defendant in their argument referred to this testimony and criticised the procedure on the part of the State. The prosecuting attorney, in answer to the argument of the attorneys for the defendant, stated, 'C. Everett Powers, after he was a witness, had run off to keep from testifying against the defendant.' The defendant objected to this statement of the prosecuting attorney, and the court said to the jury that they were the sole judges of the evidence, and the defendant

excepted to the ruling of the court." The jury returned a verdict finding the defendant guilty of selling liquor and fixing his punishment at imprisonment in the State Penitentiary for a period of one year. The court pronounced judgment of sentence in accordance with the verdict, from which judgment is this appeal.

1. There was no prejudicial error in the ruling of the trial court in permitting the witness Crow to testify in substance that he did not voluntarily appear before the grand jury, but was subpoenaed as a witness. Nor was there any error prejudicial to the appellant in permitting the witness Crow to testify that he was arrested on a charge of contempt of court for failure to appear before the grand jury to testify against the appellant and fined for contempt and placed under bond to appear before the circuit court. Learned counsel for appellant, on cross-examination of the witness Crow, had endeavored to show that animosity existed between the witness and the appellant which actuated the witness to appear before the grand jury and thus to establish the fact that the witness was biased and had a prejudice against the appellant. This cross-examination was legitimate, but, since appellant's counsel elected to thus cross-examine the witness, it was likewise permissible for the counsel for the State, by redirect examination on the same subject, to endeavor to prove by the witness that he was not biased, and that his testimony was not voluntary but in response to a subpoena issued out of the circuit court. The court, in ruling upon this testimony, announced that it was admitted only for the purpose of showing the interest of the witness, and the jury could only consider it for that purpose.

2. On cross-examination of the witness Everett Powers by counsel for the appellant, the fact was elicited that he had been brought back from St. Louis on a charge of wife desertion and had been put in jail and was in jail in Corning at the time he was brought before the court to testify in this cause; that he had as yet not been tried on the charge of wife desertion; that he and his wife were living together in St. Louis, keeping house,

when the deputy sheriff arrested him and brought him back to Corning. On redirect examination by the attorney for the State, the witness stated that he had waived extradition and had volunteered to come back before the sheriff had come to St. Louis for him. The court, over the objection of the appellant, permitted the deputy prosecuting attorney, Holloway, to testify that he had filed information against Powers, charging him with wife desertion, on February 21, 1925, at the instance of his wife, and that he was brought back to Corning on that charge. This testimony of Holloway was improper because it introduced a collateral issue which the court should not have permitted. But, since the same facts in substance had been elicited by proper cross-examination and redirect examination of the witness Powers himself on the witness stand, it occurs to us that it is thus affirmatively shown that the testimony of the witness Holloway, though improper, was not prejudicial. It was, of course, legitimate to prove by cross-examination and redirect examination of witness Powers himself what bias or prejudice, if any, he had as a witness in the cause, as affecting his credibility.

3. The court did not err in giving instruction No. 7 on reasonable doubt. It differs radically from the instruction on that subject which was condemned by this court in *Robinson* v. *State,* 149 Ark. 1. This court, in *Carpenter* v. *State,* 62 Ark. 286, held that it was not error to charge the jury that "a reasonable doubt is not a captious, imaginary or possible doubt, but must be such a doubt as a reasonable man would have in matters of deepest concern to himself, and must arise out of the evidence in the case."

4. We find no reversible error in the ruling of the court in the giving of instruction No. 11. In this instruction the court told the jury that they could not consider any testimony as to sales of liquor other than to witness Crow, except for the purpose of shedding light, if it did shed light, on the kind and character of business the defendant might have been engaged in. The instruction

was in harmony with an instruction of similar purport approved by us in *Nelson* v. *State,* 165 Ark. 448. The testimony as to other sales is competent where it tends to prove that the accused is engaged in the business of selling intoxicating liquor. The testimony here tended to prove that the appellant was engaged in the business of selling intoxicating liquor at the St. James Hotel in Corning, Arkansas. This brings the case well within the doctrine announced in *Nelson* v. *State,* above, and cases there cited. Counsel for the appellant complain here that the testimony with reference to other sales was not stricken out. As we interpret instruction No. 11, it does withdraw from the consideration of the jury the testimony concerning all other sales except in so far as it might shed light on the kind of business that appellant might have been engaged in. Only a general objection was made to the above instruction, and we find no inherent defect in it.

5. The remarks of the prosecuting attorney to which objection is urged were invited by the remarks of the attorneys for the appellant in commenting upon the testimony of Powers. Besides, these remarks, as we view them, were not calculated to create any prejudice in the mind of the jury against the appellant. Powers was a witness for the State, and the remarks of the prosecuting attorney tended to reflect on his credibility and reliability as a witness, which could not have been prejudicial to the appellant. There is no error in the judgment, and the same is therefore affirmed.