DUNCAN *v.* STATE.

Opinion deliverer April 21, 1930.

*Cooley & Adams,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

604

Hart, C. J.   William Duncan prosecutes this appeal to reverse a judgment of conviction against him for the illegal sale of intoxicating liquors.

The evidence for the State warranted the jury in returning a verdict of guilty; and, inasmuch as counsel for appellant do not ask for a reversal of the judgment on the ground that the evidence is not legally sufficient to support the verdict, we do not abstract the testimony, and only state that it was conflicting.

The first ground relied upon for a reversal of the judgment is that the court erred in refusing to quash the indictment on the motion of appellant.   The record shows that the indictment was returned on the 16th day of April, 1929, and that it charged William Duncan with unlawfully selling alcoholic, spirituous and intoxicating liquors on the 1st day of November, 1929.   We do not think this assignment of error is well taken.   This court has held that a late, impossible date after the indictment is an obvious error, which does not affect the validity of the indictment. *Kirkham* v. *State,* 158 Ark. 642, 237 S. W. 696. See also *Carothers* v. *State,* 75 Ark. 574, 88 S. W. 585; *Hunter* v. *State,* 93 Ark. 375, 124 S. W. 1028; and *Cooper* v. *State,* 145 Ark. 403, 224 S. W. 726.

The second assignment of error is that the court erred in allowing the sheriff to testify that he obtained a search warrant for the premises of appellant, and in the search thereunder found three gallons of whiskey, and that the appellant entered a plea of guilty to possessing the three gallons of whiskey without fixing any time or date.   In the first place, the appellant took the witness stand in his own behalf, and, without objection, testified on cross-examination that he had pleaded guilty to possessing three gallons of whiskey on the occasion testified to by the sheriff.   This fact being established by the appellant's own evidence, no prejudice could have resulted to him by permitting the sheriff to testify to it.

In the second place, the testimony was competent. The record shows that the indictment was returned into

court on the 16th day of April, 1929, and that the trial was had on the 21st of November, 1929. It is fairly inferable from the record that the sheriff made the search of the premises of the appellant a short time before or a short time after the return of the indictment. Hence the testimony was competent to show the nature of the business in which appellant was engaged, and the court at the time instructed the jury to consider the evidence for no other purpose. *Casteel* v. *State,* 151 Ark. 270, 235 S. W. 386; *Melton* v. *State,* 165 Ark. 448, 264 S. W. 965; and *Stephens* v. *State,* 171 Ark. 271, 284 S. W. 17.

Finally, it is insisted that the judgment should be reversed because the jury was improperly influenced by the court. We have examined the record on this point, and do not find that this assignment of error is well taken. We have carefully considered what occurred as shown by the record, and do not deem it necessary to set it out in full. It only shows that, after the petit jury had retired to consider the cause, the court entered into the trial of another case; and, after exhausting the balance of the regular panel, the court sent a deputy sheriff to inquire whether it would likely reach a verdict at an early date. The deputy sheriff did so and reported that the jury told him that they would arrive at a verdict in a short time. After perhaps thirty minutes, the court sent the sheriff to the jury room to make additional inquiry. After inquiring of the jury, the sheriff reported to the court. The court then proceeded with the trial of the other case without any further word to the jury. It was also shown that the sheriff told the jury that the court was inquiring about the matter because it would likely want them in another case. There was no attempt whatever on the part of the court to influence the jury in arriving at a verdict or to unduly hasten its proceedings. In the orderly discharge of the business of the court, the trial judge had the right to send an officer to inquire of the jury whether it would likely be detained for any considerable time in the discussion of

the case on trial. There was no intimation whatever on the part of the court that the jury should bring in a verdict because of the inquiry made, or that it should in any way hasten its consideration of the case to the end that a verdict might be reached. Hence we hold this assignment of error is not well taken. *Mahan* v. *State*, 179 Ark. 189, 14 S. W. (2d) 1113.

It follows that the judgment must be affirmed.