BARNETT *v.* STATE.

Opinion delivered May 18, 1931.

Oscar Barnett, for appellant.

Hal L. Norwood, Attorney General, and Pat Mehaffy, Assistant, for appellee.

MEHAFFY, J. The grand jury of Hot Spring County on April 8, 1930, returned an indictment against the appellant charging him with transporting liquor in said county. The appellant filed a demurrer to the indictment, stating that the facts alleged did not charge or constitute a public offense or any violation of the law of the State of Arkansas.

The court overruled the demurrer, and the appellant saved his exceptions.

The evidence showed that about the 1st day of February, Howard Stewart, Edwin Stewart, Ray Ross, and three girls were in an automobile riding on the streets of Malvern and drove out to Rockport, about two and a half miles from Malvern, for the purpose of getting some liquor. They failed to get the whiskey and drove back to Malvern and stopped in front of the Sanitary Cafe.

Ray Ross, one of the parties in the car, went into the cafe and returned in about twenty minutes. It was then about 10:30 o'clock. The appellant was there, and, according to one of the witnesses, said that he had made arrangements with the Yates boys to get some liquor, and would give them some if they would take them home, which was about fourteen miles from Malvern.

The Yates boys and appellant got in the car and were driven out to the Yates boys' home where they obtained a half gallon fruit jar of whiskey, put it in the car and drove back to Malvern. On the way back the boys drank some of the whiskey, but the girls did not

drink any. They stopped in front of the Sanitary Cafe, and it was then about 12:15 A. M.

Before going to the Sanitary Cafe after returning with the whiskey, they drove to the ice plant, and one of the boys got out and hid the whiskey. They left the Sanitary Cafe about 12:15 and started to Hot Springs, and they went by the ice plant, and one of the boys got out and got the whiskey and got back into the car.

After they had left for Hot Springs, the brother of one of the girls went to the night marshal, and he and the marshal learned that the appellant and others had left in the car for Hot Springs, and followed and overtook them and took the girls back home, but did not arrest any of them.

Before the car stopped the officer heard one of the occupants of the car say, "Pour it out," and some one poured the contents of the fruit jar out on the ground, and some of it fell on the running board of the car. The officer said it smelled like whiskey, and he asked what it was, and appellant said it smelled like corn liquor.

The appellant was not in the party at first when they started after whiskey, but was with them when they took the Yates boys home and was with them until the officer took the girls home.

The evidence tends to show that, when they went out to the home of the Yates boys, they intended to get whiskey and drink it while there, but they could not get the driver to stop, and while they drank some of it there, they kept the jar in the car, had it in the car when they got back to Malvern, and it was in the car when the officer overtook them, and somebody poured the whiskey out.

When the officer overtook them, somebody in the car said, "Step on it," and appellant reached over and turned the switch key and stopped the car, and appellant asked the officer if they were under arrest, and the officer said, "No, we just want to get the girls."

The appellant's testimony is to the effect that when he went with them they were to get some whiskey to drink, but it was not his understanding that they would transport it or take it away with them, and that he tried to keep the party from going on to town, and it was the agreement that they would drink the whiskey where they got it and would not bring it back. He said if he had known they were going to bring liquor back he would not have gone with them; that he had no control over the car.

The jury returned a verdict of guilty and fixed appellant's punishment at a fine of $100, and judgment was entered accordingly. A motion for a new trial was filed, overruled, and exceptions saved. The case is here on appeal.

Appellant first contends that the judgment should be reversed because the indictment showed on its face that the crime, if committed at all, was committed on the first day of February, 1931, and appellant was tried in January, 1931, and that the indictment does not charge that the liquor was transported from one place to another in Hot Spring County. It is therefore insisted that the court should have sustained the demurrer to the indictment.

The indictment charges specifically that the grand jury of Hot Spring County, in the name of and by the authority of the State of Arkansas, accused Oscar Barnett, Jr., of the crime of transporting intoxicating liquors, and that he, in the county and State aforesaid, etc. The indictment therefore charges that he transported the liquor in Hot Spring County. The indictment was returned by the grand jury in April, 1930, and charged that the offense was committed on the first day of February, 1931, and it is urged that on this account the demurrer should have been sustained.

It is apparent that the date, 1931, was a clerical error, because the indictment charged the commission of a crime and the date mentioned in the indictment was a

future date and it is perfectly clear that this was a clerical error.

The circuit clerk was called by the prosecuting attorney, and testified that the indictment was returned on April 8, 1930. This court has many times held that a late or impossible date after the indictment is an obvious error and does not affect the validity of the indictment. *Conrand* v. *State,* 65 Ark. 559, 47 S. W. 628; *Duncan* v. *State,* 181 Ark. 603, 27 S. W. (2d) 99; *Cooper* v. *State,* 145 Ark. 403, 224 S. W. 726; *Carothers* v. *State,* 75 Ark. 574, 88 S. W. 585; *Hunter* v. *State,* 93 Ark. 275, 124 S. W. 1028; *Grayson* v. *State,* 92 Ark. 413, 123 S. W. 388, 19 Ann. Cas. 929.

It is next contended by appellant that the parties had no intention of transporting whiskey, but were all looking for whiskey to drink, and that the driver of the car, over the protest of all of them, brought the whiskey back to town. But it is admitted that the whiskey was hidden at the ice plant, and the party drove by the ice plant, and appellant says Howard Stewart got out and got the whiskey from where he had hid it, and they went on their merry way to Hot Springs.

There was no protest by appellant or any one else, and no objection made to stopping at the ice plant, getting the whiskey, and carrying it on in the car. It is true appellant says he had no control over the car, and that the liquor belonged to the Stewart brothers, and that, if anybody was guilty of transporting liquor, Howard Stewart was, and the evidence shows that he was not indicted.

Appellant contends that the judgment ought to be reversed because some of the others were not prosecuted, and he says the prosecuting attorney made a statement to the jury that he did not intend to prosecute the girls.

If appellant violated the law, it was the duty of the prosecuting attorney to prosecute him. The fact that the others in the party were as guilty as appellant is no

defense. The failure of the prosecuting attorney or other authorities to properly enforce the law or to enforce the law against some and not against others is no defense in a prosecution. *Riggs* v. *Hot Springs,* 181 Ark. 377, 26 S. W. (2d) 70.

The validity of a law does not depend on a completely successful enforcement, nor does it depend on the good faith of the officers whose duty it is to prosecute. One who violates a law cannot be discharged merely because it is shown that there are other violators who have not been convicted, or that those whose duty it is to perform the duties required by it have fallen short or refused to perform their duties for any reason. *People* v. *Gardner,* 143 Mich. 104, 106 N. W. 541; *City of Centralia* v. *Smith,* 103 Mo. App. 438, 77 S. W. 488.

"Appellants prosecute this appeal upon the theory, among others, that if other people in Houston had violated the ordinance as to the erection of fireproof buildings, this would license them to violate it by erecting buildings contiguous to those of others and to preclude the latter from any remedy to protect their property. We know of no principle upon which to found such a proposition." *Chimene* v. *Baker,* 75 S. W. 330.

A person charged with a criminal offense cannot escape punishment by showing that others were also guilty.

The appellant contends that the remarks of the prosecuting attorney were prejudicial. The prosecuting attorney said he was not going to prosecute the girls; that he believed in starting at the top and coming down. There was no error in this statement that was in any way prejudicial to appellant. *Clarkson* v. *State,* 168 Ark. 1122, 273 S. W. 353; *Hall* v. *State,* 161 Ark. 465, 257 S. W. 61.

Appellant contends that the judgment should be reversed because it did not find him guilty as charged in the indictment. The verdict of the jury was: "We, the jury, find the defendant guilty, and assess his fine at $100."

A verdict of guilty implies a finding of every element essential to constitute the crime as charged, and the verdict is sufficient if from its language no doubt can arise as to the offense of which he is convicted. *Wallace v. State,* 180 Ark. 627, 22 S. W. (2d) 395.

It is contended that the court erred in its refusal to give instructions 1 and 2 requested by the appellant. Each of these instructions was erroneous, because each in substance told the jury they could not find the defendant guilty unless he knew when starting out that they were going on a trip for the purpose of transporting liquor. It would make no difference what their understanding or intention was when they started out if they afterwards transported liquor in violation of law. If they transported whiskey in violation of law, they would be guilty even if they started out with the intention to not transport it.

It is contended that there is no evidence tending to show that the appellant transported the liquor. We think the evidence was sufficient to submit the question to the jury, and the jury's verdict, where there is any substantial evidence to support it, is conclusive here for the reason that it is the province of the jury, and not this court, to pass on the credibility of the witnesses and the weight to be given to their testimony.

It is finally contended by appellant that the facts in this case are similar to the facts in the case of *Locke* v. *Ft. Smith,* 155 Ark. 158, 214 S. W. 11. In that case it was held that the evidence was not legally sufficient to warrant a verdict of guilty. The appellant in that case, at the earnest solicitation of a friend, got into the latter's car for the purpose of riding about the streets of Ft. Smith. Locke ascertained that his friend had been drinking and formed the intention of getting him home as soon as he could. They were not going after whiskey, but Locke was trying to get his friend home. He put one of the bottles of whiskey he found on the seat in his pocket. He did not get into the automobile for the purpose of carrying or assisting his friend to convey liquor,

but his purpose was to get his friend home and not the purpose of carrying whiskey.

We think there was sufficient evidence to submit the question to the jury, and the judgment is affirmed.