McGILL *v.* STATE.

4387                                          189 S. W. 2d 646

Opinion delivered October 8, 1945.

Lucien E. Coleman and Claude F. Cooper, for appellant.

Guy E. Williams, Attorney General, and Oscar E. Ellis, Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. A jury was impaneled and sworn to try appellant on an information filed against him October 13, 1944, charging rape, alleged to have been committed upon the person of Betty Jean McGill, June 15, 1943. In his explanation to the jury, the prosecuting attorney stated that the crime was committed May 20, 1943. Permission was asked and granted to amend the information in this respect. Counsel for the appellant stated that the defense was an alibi, and that McGill was unprepared to defend against the accusation on a date different from that alleged in the information. After granting permission to amend, the court discharged the jury. The following morning the prosecuting attorney announced that after conference with the prosecuting witness he would amend by substituting May 20, 1944. When arraigned on this information the defendant stood mute, and his counsel said they would rather not enter a plea for him; whereupon the Court asked the defendant, "How do you plead?" the answer being, "I am not guilty." When trial was ordered to proceed, a plea of former jeopardy was entered by counsel for defendant, and the following colloquy reflects the facts upon which the former plea is based.

Counsel for appellant: "This is unquestionably former jeopardy. The original information charges rape, and rape is a capital offense. There is no limitation on rape. There is no limitation that runs on that. This information was filed on October 13, 1944. The new infor-

mation says that the act was committed on May 20, 1944. Now, any act committed at any time before October 13, 1944, he could have been convicted of that at any time, so the information as originally filed charging the offense and the date has nothing to do with it, especially under the new initiated act, because under that all you have got to do is just to charge rape.''

The judge, (speaking to counsel for appellant) : ''Mr. Cooper, let me see if we understand the facts. The Court has this understanding of the case: that it is the contention of the State that several other offenses were committed by this defendant. In other words, the State says that the defendant committed rape on the 20th of May, 1943, and possibly again on the 15th of June, 1943. The Court permitted the State to amend its information, changing the date from June 15, 1943, to May 20, 1943; and, learning that the defense was an alibi, the Court felt that the defendant should have additional time in which to prepare his defense to this amended date. However, prior to the actual amending of the information, the prosecuting attorney, after conferring with the prosecuting witness, came back into Court and announced that the date on which the State wished to rely was May 20th, 1944. Thereupon, the Court declared a mistrial, discharged the jury, and a new information was filed against the defendant based on the date of May 20th, 1944. Probably if the State could prove only one offense, your contention would be correct, but if there were several offenses of rape upon the prosecuting witness, the Court feels that the plea is not sufficient.''

Counsel for appellant then requested a bill of particulars, and the Court inquired whether the exact date was wanted. The prosecuting attorney replied that the date relied upon was May 20, 1944, and the place was Wilson, Arkansas.

A jury was selected to try appellant upon the second information, and after it had been sworn and witnesses placed under the rule, the trial proceeded. It resulted in a verdict finding appellant guilty as charged, and fixed punishment at imprisonment for life.

Appellant did not ask for further time in which to prepare his defense. In the brief filed by his counsel it is said: "For the reversal of this case appellant submits the single issue, viz.: the Court erred in overruling defendant's plea of former jeopardy."

We do not recite the revolting testimony in this case, which is to the effect that appellant carnally knew Betty Jean McGill, who was his daughter, when she was only eight years of age, and that he continued that practice, always by force, or by putting the child in fear, and never with her consent, until May 20, 1944. The girl was only fourteen years of age in 1944. He was tried for the last offense.

Sufficiency of the testimony to support the verdict is not questioned.

This Court has many times held that one has been placed in jeopardy when a jury has been impaneled and sworn to try the accused upon a charge contained in a valid indictment, and so far as we know there are no cases to the contrary in any jurisdiction. An exception more apparent than real is where the jury is discharged through a failure to agree, or because of other impelling necessity not necessary here to discuss.

In *State* v. *McMinn*, 34 Ark. 160, the headnote is: "If, upon a former indictment, the defendant could not have been convicted of the offense described in the latter, then an acquittal upon the former is no bar to the latter." In the body of the opinion it is said: "If, upon the first indictment, he could not have been convicted of the offense described in the second, then an acquittal upon the former is no bar to the latter." "The rule," says Mr. Wharton, "is that if the prisoner could have been legally convicted on the first indictment, upon any evidence that might have been legally adduced, his acquittal on that indictment may be successfully pleaded to a second indictment; and it is immaterial whether the proper evidence were adduced at the trial of the first indictment or not."

It would appear that if appellant had raped his daughter only once the plea of jeopardy should have been

sustained, as the date alleged in the first information was unimportant, inasmuch as the statute of limitations does not run against this capital offense. But, as was shown in this case, the crime may be repeated in respect of the same female, constituting a separate offense on each occasion.

The Court sustained a plea as to the crime alleged June 15, 1943, as charged in the first information, and told the jury that appellant was being tried for rape "which is alleged to have occurred on May 20, 1944, and unless you find that he committed such crime or crimes on such date, it will be your duty to acquit him. In other words, gentlemen, he cannot be convicted for an alleged crime occurring at any other date except on May 20, 1944."

In the chapter on Criminal Law, 15 A. J., § 381, subtitle, "Continuing Crimes; Offenses Consisting of Series of Acts," it is said: "As a general rule, conviction or acquittal of a sexual offense is not a bar to a prosecution for a similar offense with or against the same person at a different time."

In *Minnesota* v. *Healy*, L. R. A., 1917D, 726, 161 N. W., 590, the defendant was tried for carnally knowing a female under the age of consent, the offense having been committed January 16, 1914. There was an acquittal. He was subsequently tried and convicted for a like offense against the same female on July 16, 1914. It was held that acquittal on the January 16th charge was not a bar to the prosecution for the offense of July 16th, and that the trial Court properly disallowed the plea of former acquittal.

A number of cases are cited by the annotator in the note to the Healy case, among them being *Leonard* v. *State*, 106 Ark. 453, 153 S. W. 591. In the Leonard case a second conviction for continuous illegal cohabitation with the same woman was affirmed.

In *Franklin* v. *State*, 149 Ark. 546, 233 S. W. 688, a juror was discharged after the jury had been impaneled and sworn; and when this juror's place had been filled,

the plea of former jeopardy was interposed. This plea was not allowed. On appeal the authorities were re-viewed, with the conclusion that the trial Court had the right to take such action as would insure a fair and impartial trial. It was said that "Manifestly the action of the Court in discharging the juror was in the interest of the accused and for the purpose of enabling him to obtain a fair and impartial trial."

So, in the instant case, the trial judge was actuated by the same motive. As previously shown, counsel for appellant had stated the defense to the original information was an alibi. This, of course, would not have been available if the date was changed. Filing the new information was unnecessary, as the charge would have been sustained if proof of its commission at any time prior to the date of the information had been made. Proof of the exact date alleged was not essential. Sec. 3841, Pope's Digest. *Hunter* v. *State*, 93 Ark. 275, 124 S. W. 1028. Since the change was made for protection of appellant he was not prejudiced. He did not request time in which to meet the amended charge.

Affirmed.

Smith, J., dissenting. The law applicable to this case is correctly stated in the quotation appearing in the majority opinion in the case of *State* v. *McMinn*, 34 Ark. 160, but, in my opinion, has been misapplied.

The only difference between the first and second informations in this case is the date of the alleged commission of the offense, but both dates are subsequent to the date of the filing of the first information. It, therefore, appears that appellant could have been convicted under the first information upon the same testimony on which he was convicted under the second information.

Now, of course, a man might commit the crime of rape more than once upon the same woman, but here the first information does not negative its commission at any time, other than the date alleged, as it might have done,

and it would, therefore, have been proper and permissible to have convicted the appellant under the first information on any date prior to the date on which it was filed.

In the case of *Binganan* v. *State,* 181 Ark. 94, 24 S. W. 2d 969, Justice KIRBY said that the test whether the plea of former jeopardy should be sustained is, "whether he (the appellant) had been put in jeopardy for the same offense." Appellant has been, because he could have been convicted under the first information, on the same testimony upon which he was convicted in his trial upon the second information.

The case of *Minnesota* v. *Healy,* L. R. A. 1917D, 726, 161 N. W. 590, from which the majority quote, the Supreme Court of Minnesota quoted from one of its former opinions as follows: "In *State* v. *Klugherz,* 91 Minn. 406, 98 N. W. 99, 1 Ann. Cas. 307, this court said: 'A plea of former acquittal is sufficient whenever it shows on its face that the second indictment is based upon the same . . . criminal act which was the basis of the indictment upon which the defendant was acquitted.' "

In the opinion in the Healy case, *supra,* it was said: "At the trial for the offense of January 16, the state could not convict by proving the act of July 16, and consequently did not need to prove the act of July 16, and in fact did not prove that act. Likewise at the trial for the offense of July 16, the state could not convict by proving the act of January 16, and did not need to prove that act, and proof thereof was admissible only as corroborative evidence. At each trial defendant was in jeopardy only as to one specific crime. It is true that at each trial, when the evidence disclosed that he had committed several similar criminal acts, the particular crime for which he was in jeopardy was uncertain until made certain by the election which the state was required to make; but this resulted from the rules of evidence which apply in such cases, not from an attempt to convict him at such trial if he had committed any one of two or more offenses. At neither trial could the jury have returned a verdict of guilty in case they found that defendant had not committed the specific crime pointed

out, but had committed another similar crime. Our conclusion is that the acquittal of defendant for the offense of January 16, 1914, is not a bar to the present prosecution for the offense of July 16, 1914."

Not so here. Appellant could have been convicted under the first information, upon the testimony offered at the trial upon the second information, inasmuch as the first information did not negative the commission of the crime upon any date subsequent to the date alleged in the first information.

In the case of *Leonard* v. *State,* 106 Ark. 453, 153 S. W. 591, cited by the majority, the defendant was convicted under an indictment which charged that he had illegally cohabited with one Pearl Gilbert, on June 28, 1912. He had formerly been convicted of the same offense committed with the same female, under an indictment returned November 4, 1911, so that a second conviction was for an offense committed subsequent to the date of the first indictment. In other words, he was convicted of one offense, and later was convicted for the same crime committed subsequent to the date of the first indictment. Of course, the plea of former conviction could not have been sustained in that case.

No doubt, appellant is guilty of the heinous crime for which he was convicted, but he might have been convicted under the first information had that trial proceeded to a verdict, but he should have been convicted conformably to established rules of law. Guilty as appellant, no doubt, is, it were better that he should escape punishment, rather than that he should be convicted in violation of established rules of law.

It is an ancient and sacred right that "no person, for the same offense, shall be twice put in jeopardy of life or liberty." It is so provided in the Constitution of the United States, and in the constitution of every state in the union, and this protection should not be frittered away.

I, therefore, dissent, and am authorized to say that Justice MILLWEE concurs in the views here expressed.